# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DANIELS CAPITAL** ) | |
| **CORPORATION,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number |
| **vs.** ) | **2:09-cv-00481-AKK** |
| ) | |
| **DOUGLAS C. GREENE,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Daniels Capital Corporation ("Plaintiff") filed its three-count complaint against Defendant Douglas C. Greene ("Defendant") on March 12, 2009, alleging breach of contract, unjust enrichment, and fraud. Doc. 1. The court has jurisdiction pursuant to 28 U.S.C. § 1367. Plaintiff is an Alabama corporation with its principal place of business in Alabama. Doc. 31-1 at 1 ¶ 2. Defendant is a resident of Texas. Doc. 1 at 1 ¶ 2.

Plaintiff filed its motion for summary judgment on August 6, 2010. Doc. 27. On August 12, 2010, the court entered an order reminding the parties to follow the summary judgment briefing schedule attached to the court's Scheduling Order. Doc. 26; Doc. 30. On August 31, 2010, after the date for Defendant's

response passed, Plaintiff supplemented its evidentiary submission. Doc. 31. In the interest of fairness, the court entered a second order, giving Defendant until September 22, 2010, to respond to Plaintiff's motion. Doc. 32. The time for response has now passed, and this motion is ripe for resolution. For the reasons stated below, Plaintiff's motion is GRANTED in part and DENIED in part.

## I. SUMMARY JUDGMENT STANDARD

Under Rule 56(c)(2) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id*. at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id*. at 324 (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Rule 56(e) provides that if the non-moving party does not respond to a motion for summary judgment, "summary judgment should, if appropriate, be entered against that party."  "Thus, summary judgment, even when unopposed, can only be entered when 'appropriate.'" *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F. 3d 1099, 1101 (11th Cir. 2004).

## II.     FACTUAL BACKGROUND

Plaintiff advances funds to attorneys who perform court-appointed indigent defense work.  Doc. 31-1 at 1 ¶ 4.  On January 29, 2007, Plaintiff and Defendant entered into a contract under which Plaintiff agreed to purchase indigent-fee accounts from Defendant on an account-by-account basis.  *Id*. ¶ 5; Doc. 29-1 at 5-13.  The agreement permitted Plaintiff to charge a fee calculated on the basis set out on the assignment schedule for each account.  Doc. 29-1 at 6.  Additionally, the agreement permitted Plaintiff to withhold a reserve of up to 30% of the gross account against the possibility of set-offs, reductions, or charge backs against the

account.  *Id*.

The contract defined "Eligible Accounts" as accounts (1) that arise in the ordinary course of the assignor's business, (2) for which the right to payment has been fully earned by completed performance, and (3) for which any fee claim has been filed with the appropriate court or clerk of court or will be filed with the appropriate court or clerk of court within 24 hours of executing the assignment. *Id.* at 5.  Furthermore, under a contract section entitled "Representations, Warranties and Agreements," the assignor agreed and warranted that the accounts submitted for assignment were, *inter alia*, (1) legally enforceable debts owed to the assignor, and (2) filed with the appropriate court or clerk of court for payment at the time of the assignment or would be filed within 24 hours thereafter.  *Id.* at 7-8.  From February 2007 to June 2007, Defendant submitted seven cases for assignment.  *Id.* at 16-21.  For each case, Plaintiff advanced Defendant an amount equal to 75% of the amount due to Defendant from the relevant governmental body.  *Id*.  The assignment schedule for each advance called for Defendant to pay a fee calculated as follows:

>   (i)     0.00167 per diem of the above VT [Voucher Total] for the first 60 days;
>   (ii)    no change from day 61 thru day 120;
>   (iii)   per diem increase by 0.0008 from day 121.

*Id*.

Plaintiff has not received reimbursement for any of those seven cases for funds advanced or for the payment of agreed fees and costs. Doc. 31-1 at 2 ¶ 6.

## III. ANALYSIS

Plaintiff's complaint contains four counts: (1) Breach of Contract and Breach of Fiduciary Duty, (2) Unjust Enrichment, (3) Fraud and Suppression, and (4) Specific Performance and Equitable Relief. The court addresses whether Plaintiff establishes liability under the first three counts, and then considers the appropriate remedies, including the equitable remedies sought.

### A. *Breach of Contract*

A breach of contract claim under Alabama law requires: "(1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendants' nonperformance, and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105-06 (Ala. 2002) (citing *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999)). Plaintiff's evidence establishes each of these elements. First, Plaintiff presents a valid contract, signed by Defendant.[1]

---

[1] The court notes that the signature page submitted to the court is not signed by Plaintiff. However, Plaintiff's representatives signed the assignment schedules under which Plaintiff dispensed funds to Defendant, and those Schedules provide that the assignor (here, Defendant) accepts the terms and conditions of the contract. Doc. 29-1 at 16-21. It is clear, therefore, that both parties expressed an intent to be bound by the contract.

Doc. 29-1 at 5-13.  Second, each of the Assignment Schedules contains a notation indicating that Plaintiff wired Defendant a sum equal to 75% of the indigent-fee account.  Doc. 29-1 at 16-21.  Third, Scott Daniels, Plaintiff's President, attests that Plaintiff has not received reimbursement for the amounts advanced or payment for any fees or costs.  Doc. 31-1 at 2 ¶ 6.  Fourth, Plaintiff establishes that it suffered monetary damages, including the amount of the advance and the fees, as a result of Defendant's breach.  Therefore, Plaintiff's motion for summary judgment is GRANTED with respect to Count One.[2]

### B.     *Unjust Enrichment*

Under Alabama law, "[t]he essence of theories of unjust enrichment or money had and received is that a plaintiff can prove facts showing that defendant *holds* money which, in equity and good conscience, belongs to plaintiff or *holds* money which was improperly paid to defendant because of mistake or fraud." *Hancock-Hazlett Gen. Constr. Co., Inc. v. Trane Co.*, 499 So. 2d 1385, 1387 (Ala. 1986) (citations omitted) (emphasis in original).  Plaintiff shows that it advanced Defendant funds for indigent-fee accounts on the basis that Defendant (1) was entitled to payment for services rendered to indigent criminal defendants, and

---

[2]Count One also appears to allege a Breach of Fiduciary Duty claim.  However, Plaintiff abandoned this claim in its motion.  Further analysis of this count is therefore unnecessary.

(2) had submitted the appropriate paperwork to obtain those fees.  Doc. 29-1 at 16-21.  Defendant has failed to repay the monies advanced.  Plaintiff is therefore entitled to summary judgment on Count Two.

### C. *Fraud and Suppression*

"The elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *Saia Food Distribs. & Club, Inc. v. SecurityLink from Ameritech, Inc.*, 902 So. 2d 46, 56 (Ala. 2004) (citations and internal quotation marks omitted).  When the fraud claim is "based upon a promise to act or not act in the future, two additional elements must be satisfied: (5) proof that at the time of the misrepresentation, the defendant had the intention not to perform the act promised, and (6) proof that the defendant had an intent to deceive." *Id.* at 56-57 (internal quotation marks and citations omitted).

Plaintiff argues that Defendant falsely represented that he would complete the paperwork necessary for Plaintiff to be reimbursed.  Plaintiff claims that Defendant's representations were false because it is clear that he either did not submit the matters for payment or that he received payments from courts and kept the proceeds.  Plaintiff further points to the assignment schedules, which contain a declaration from the assignor that "the above claim is not a duplication of charges

and expenses in any companion or otherwise case and also that all previously advanced fee declarations have been completed and filed with the appropriate court/clerk." *See* Doc. 29-1 at 21.

In essence, Plaintiff argues that the court should infer Defendant's intent to defraud from the fact that Plaintiff has not received reimbursement for these accounts. The court finds that such evidence is insufficient to establish Defendant's intent. *See Saia Food*, 902 So. 2d at 57 (finding that evidence established that party was negligent in performing its promised services, but failed to establish that the defendant did not intend to fulfill its obligations at the time it entered into the contract). The court further notes that Judge R. David Proctor of this court has reached the same conclusion in cases with the same Plaintiff and nearly identical facts. *See Daniels Capital Corp. v. James Lee Flanigan*, No. 2:09-cv-629, Doc. 27 at 5 (N.D. Ala. Aug. 16, 2010) (Proctor, J.) (finding insufficient evidence of intent to defraud and denying punitive damages); *see also Daniels Capital Corp. v. Michael W. Blake*, No. 2:09-cv-1654, Doc. 14 at 4 (N.D. Ala. Jan. 6, 2010) (Proctor, J.) (same).[3] Therefore, summary judgment is denied

---

[3]Furthermore, in another nearly identical case, the undersigned adopted the Report and Recommendation of Magistrate Judge T. Michael Putnam, which denied punitive damages on the basis that Plaintiff presented insufficient evidence of fraud. *Daniels Capital Corp. v. Ralph J. Hagood*, No. 2:09-cv-723, Doc. 10 at 9-10 (N.D. Ala. Feb. 5, 2010) (Putnam, J.); *Daniels Capital Corp. v. Ralph J. Hagood*, No. 2:09-cv-723, Doc. 11 (N.D. Ala. Feb. 23, 2010) (Kallon, J.).

on this count.

### D. Damages

For its breach of contract and unjust enrichment claims, Plaintiff avers that it is entitled to (1) $40,290.87 for the advances; (2) $50,727.16 in fees as calculated based on the assignment schedule formula; and (3) $56,396.53 in lost income. Doc. 27 at 3-4; Doc. 29-1 at 22. The court finds that Plaintiff clearly established that, under the contract, it is entitled to recover the actual advances ($40,290.87) and the fees ($50,727.16) set forth under the Assignment Schedules. Accordingly, the court awards Plaintiff $91,018.03.

However, the evidence does not support a finding that Plaintiff is also entitled to lost income. With respect to lost profits, the Supreme Court of Alabama has stated:

> The loss of profits must be the natural and proximate, or direct result of the breach complained of and they must also be capable of ascertainment with reasonable, or sufficient, certainty, or there must be some basis on which a reasonable estimate of the amount of the profit can be made; absolute certainty is not called for or required.

*Intergraph Corp. v. Bentley Sys. Inc.*, ___ So. 3d ___, 2010 WL 876821, at *10 (Ala. Mar. 12, 2010).

The contract between Plaintiff and Defendant provides that, in the event of a breach, Plaintiff may "collect the . . . loss of income that Company would have

been entitled to had Assignor not breached this agreement." Doc. 29-1 at 6. Daniels attested that Plaintiff has suffered lost income damages totaling $56,396.53. Doc. 31-1 at 3. Although neither Daniels nor Plaintiff explains how he arrived at this number, the court assumes that the figure is based on the fees that Plaintiff could have received if it had advanced the money to another assignors. Plaintiff, however, fails to establish that all of its capital was fully employed during the time of Defendant's breach, thus causing Plaintiff to miss an opportunity to advance those funds to another lawyer. Therefore, the court cannot say that Defendant's breach was the direct cause of the lost income. *See Daniels Capital Corp. v. James Lee Flanigan*, No. 2:09-cv-629, Doc. 27 at 3-4 (N.D. Ala. Aug. 16, 2010) (Proctor, J.) (denying lost income for lack of an evidentiary basis).

### E.  *Specific Performance*

Plaintiff additionally requests specific performance in the form of an order compelling Defendant to submit the fee declaration forms to the appropriate government entities for payment. Doc. 27 at 7. "[W]hether to award specific performance is within the discretion of the trial court, and, if a trial court determines that a party has an adequate remedy in an award of money damages, that remedy is preferred." *Goodwyn, Mills & Cawood, Inc. v. Markel Ins. Co.*, 911 So. 2d 1044, 1051 n. 8 (Ala. 2004) (citations omitted). Plaintiff provides no

explanation why monetary damages are insufficient, and the court finds that monetary damages will make Plaintiff whole. Therefore, the court declines to order specific performance. *See also Daniels Capital Corp. v. James Lee Flanigan*, No. 2:09-cv-629, Doc. 27 at 4 (N.D. Ala. Aug. 16, 2010) (Proctor, J.) (denying specific performance). Summary judgment is therefore denied on this claim.

### F.   *Attorney's Fees*

Plaintiff further requests that the court order attorney's fees in an amount equal to one-third of the damages award. Doc. 27 at 7-8; Doc. 31-1 at 6. "The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court . . . ." *Madison Cnty Dep't of Human Res. v. T.S.*, ___ So. 3d ___, 2009 WL 3415290, at *4 (Ala. Oct. 23, 2009) (citations and internal quotation marks omitted). To determine an award, a court may consider several criteria, including the nature of the case, the learning and skill required, the time consumed, and the fee customarily charged for similar services. *Id*. at *4 (citations omitted).

The court finds than an award of one-third of the damages is appropriate considering that this matter has been pending for over a year and has proceeded to summary judgment, Plaintiff will undoubtedly require additional effort to collect a

judgment from Defendant, and such an award is consistent with similar cases in this locality. *See Daniels Capital Corp. v. James Lee Flanigan*, No. 2:09-cv-629, Doc. 27 at 2 (N.D. Ala. Aug. 16, 2010) (Proctor, J.) (one-third award); *Daniels Capital Corp. v. Michael W. Blake*, No. 2:09-cv-1654, Doc. 14 at 2 (N.D. Ala. Jan. 6, 2010) (Proctor, J.) (same). Therefore, the court finds that Plaintiff is entitled to attorney's fees of $30,339.34.

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's motion on Counts One and Two, DENIES the motion on Counts Three and Four, and further DENIES Plaintiff's claim for lost income. Plaintiff is entitled to $121,357.37 in damages and attorney's fees.

At this point, Plaintiff is entitled to go forward with a trial on Counts Three and Four and for lost income damages. The court notes, however, that Defendant, who did not respond to this motion, appears to have had very limited participation in this case.[4] It is therefore likely that Plaintiff will have little, if any, further evidence to present if this case proceeds to a bench trial,[5] or to default judgment if

---

[4] In fact, it appears that Defendant has filed only one document – an answer filed on January 11, 2010. Doc. 20.

[5] Neither party demanded a jury trial. As a result, Plaintiff will try its case to the undersigned. While it is possible Plaintiff may present evidence that leads the undersigned to side with it on Counts Three and Four, based on the evidence Plaintiff has presented so far, the

Defendant fails to appear for a trial.  Understandably, Plaintiff may wish to obtain a final judgment now and begin the potentially arduous process of attempting to collect from Defendant.  Thus, if Plaintiff wishes to dismiss its remaining claims, it should file a motion requesting the same by **October 28, 2010**.  If Plaintiff does not file such a motion, the court will set a date for a pre-trial conference and for trial.

DONE this 26th day of October, 2010.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

court doubts Plaintiff will fare better at trial.